(101 So. 507)

GEORGE v. AMERICAN RY. EXPRESS CO.
(8 Div. 193.)

(Court of Appeals of Alabama. Oct. 7, 1924.)

1. Carriers ⊚⟿76—Complaint by express com-pany to recover amount collectible on C. O. D. shipment held to state cause of action.

Complaint, in action by express company against consignee to recover amount which should have been collected on C. O. D. shipment, delivered to defendant without collect-ing therefor, held to state a cause of action, and not subject to any grounds of demurrer assigned.

2. Carriers ⊚⟿76—Directed verdict properly refused, where evidence in conflict.

In action by express company to recover amount collectible on C. O. D. shipment, di-rected verdict was properly refused, where evidence was in conflict.

Appeal from Morgan County Court; W. T. Lowe, Judge.

Action by American Railway Express Company against N. W. George. From a judg-ment for plaintiff, defendant appeals. Affirmed.

Defendant interposed the following grounds of demurrer to the complaint:

"(1) Said counts are insufficient at law.
"(2) Said counts do not allege that plaintiff had paid Wimberly and Thomas Hardware Com-pany of Birmingham, Ala., the amount sued for in its complaint, prior to the filing of this complaint.
"(3) Said counts merely claim for the value of the goods delivered, and do not claim any charges for delivering or carrying them as al-leged in its complaint.
"(4) Said counts do not allege that the com-plainant accepted the goods from the said Wim-berly and Thomas Hardware Company, of Bir-mingham, Ala., to be delivered to the defend-ant at Decatur, Ala., for hire, and does not state amount of hire charged.
"(5) Said counts do not show that the plain-tiff charged anything for carrying and delivering the goods in question or attempted to do so.
"(6) Said counts do not allege that plaintiff attempted to collect from defendant at the time of delivery of the goods in question any charges for delivering said goods, or the value of said goods, and that the defendant failed to pay the same at the time of said delivery to him.
"(7) Said counts do not allege any demand has been made on defendant before this suit was filed.
"(8) Said counts allege a breach of duty on the part of plaintiff, but do not show or allege any right to recover from defendant.
"(9) Said counts merely state a conclusion of the pleader."

W. H. Long, of Decatur, for appellant.

The counts were subject to demurrer. 6 Cyc. 370; S. W. Ala. Ry. Co. v. Maddox & Son, 146 Ala. 539, 41 So. 9; Walker v. L. & N., 111 Ala. 233, 20 So. 358.

Eyster & Eyster, of Albany, for appellee.

Counts 8 and 9 were sufficient.

SAMFORD, J. [1] The cause was tried in the lower courts on counts 8 and 9, which are as follows:

"Count 8. Plaintiff avers that on or about November 14 and 15, 1921, the said plaintiff was engaged in the business of transporting freight for hire and reward, and, as such, was a common carrier, and that the Wimberly & Thomas Hardware Company of Birmingham, Ala., on November 14, 1921, delivered to the plaintiff at Birmingham a shipment of goods consigned to N. W. George, Decatur, Ala., valued at $41.54; that said shipment of goods was sent or consigned C. O. D., meaning that

the said plaintiff should collect the value thereof, to wit, $41.54 upon delivery of said goods by the plaintiff to the defendant at Decatur, Ala., and plaintiff avers that on November 15, 1921, that it delivered said shipment of goods to the defendant at Decatur, Ala., but failed to collect amount of C. O. D. charges, to wit, $41.54; and that the said defendant has failed and refused to pay said amount to the plaintiff, although demand has been made by the plaintiff upon the defendant, prior to the bringing of this suit, for the same.

"Count 9. Plaintiff adopts all of count 8, and adds thereto the following: Plaintiff avers that prior to the filing of this suit it paid to Wimberly & Thomas Hardware Company the sum of $41.54, amount which it should have collected from N. W. George, but which it failed to collect from George at the time of the delivery of the shipment to him; wherefore plaintiff sues."

These counts each state a cause of action, and were not subject to any of the grounds of demurrer assigned. 10 C. J. p. 268 (section 383), 3.

[2] The cause was submitted to the jury under proper charge of the court defining the issues, and, evidence being in conflict, all charges asking a directed verdict were properly refused.

The charge made the basis of assignment of error No. 10 was fully covered by the court in its oral charge.

We find no error in the record, and the judgment is affirmed.

Affirmed.